UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

COY PHELPS,  )
    Plaintiff,  )
      )
      )
    v.  )    C.A. No. 10-40127-MLW
      )
      )
RUTH JONES, et al.,  )
    Defendants.  )

MEMORANDUM AND ORDER

WOLF, D.J.                                            September 26, 2011

On July 6, 2010, Coy Phelps, a civilly committed person confined at FMC Devens, filed a self-prepared complaint (the "Complaint") in which he brings claims under the Federal Tort Claims Act ("FTCA") and Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), for the alleged failure of Ruth Jones, a Deputy Clerk of the United States Supreme Court, to accept for filing a petition for a writ of habeas corpus submitted by Phelps. The defendants have filed a Motion to Dismiss. For the reasons stated below, the court is granting the Motion to Dismiss.[1]

I.    BACKGROUND

    A.    Complaint

In the present action, Phelps alleges that he sent a "properly

---

[1] The court notes that though it is granting the Motion to Dismiss, it is not for all of the same reasons as those set forth in the defendants' Memorandum in Support of the Motion to Dismiss.

completed habeas corpus petition to Justice Ruth Bader Ginsburg in 2010 together with a motion for in forma pauperis status." Compl. at 5, ¶ 9. Phelps claims that he was permitted to file this petition pursuant to Rule 22 of the Rules of the Supreme Court of the United States ("Rule 22"), which provides for application addressed to an individual justice, and that, under this Rule, the Court's clerk was required to promptly transmit the petition to Justice Ginsburg. Phelps attached to the Complaint a copy of the habeas petition, in which he identifies the "questions presented" as being "[w]hether it is unconstitutional for an unconvicted, and unaccused, federal civil commitment to be imprisoned in federal prison for over twenty years, without statutory authority, to suffer incarceration equal to, and worse than, convicted and sentenced prisoners." Compl., Ex. at 3.[2]

According to Phelps, Supreme Court Deputy Clerk Ruth Jones "rejected the petition sua sponte without transmitting the petition to Justice Ginsburg." Compl. at 5, ¶ 10. In a letter, Jones explained why the petition was returned to Phelps: "On April 19, 2004, the Court directed the Clerk not to accept any further petitions in noncriminal matters unless the docketing fee required

---

[2] Phelps submitted two pages of the petition. See Compl., Ex. at 2-3. It is unclear whether the petition consists only of those two pages or whether the petition included additional pages. Regardless, the "questions presented" section on the second page of the submitted document provides the court with an adequate understanding of the nature of the petition.

by Rule 38(a) is paid and the petition is submitted in compliance with Rule 33.1." Compl., Ex. at 1.

Jones' letter refers to a 2004 Supreme Court Order denying Phelps' Motion for Leave to Proceed In Forma Pauperis and dismissing his petition for a writ of certiorari. See Phelps v. Ashcroft, 541 U.S. 984 (2004) (mem.). In issuing the Order, the Court limited Phelps's ability to file petitions:

> As the petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept further petitions in noncriminal matters from petitioner unless the docketing fee required by this Court's Rule 38(a) is paid and the petition is submitted in compliance with Rule 33.1 of the rules of this Court.

Id. (emphasis added).[3]

The Order references the decision of the Fourth Circuit Court of Appeals in Phelps v. Ashcroft, 79 Fed. Appx. 606 (4th Cir. 2003) (per curiam). In that case, the Fourth Circuit affirmed the dismissal of a Bivens action brought by Phelps. See id. Phelps claimed that the Bureau of Prisons (the "BOP") did not have lawful custody of him and that he was unlawfully being treated as a convicted and sentenced prisoner. See Phelps v. Ashcroft, C.A. No. 03-00461 (E.D.N.C. July 2, 2003). The district court dismissed the complaint as frivolous, noting that the same claims had been already been presented and disposed of in previous cases, and that the Supreme Court had denied a petition for a writ of certiorari

---

[3]Phelps challenges this Order as "being unconstitutional, spiteful, and retaliatory." Compl. at 3.

that Phelps had filed in one of those cases. <u>See</u> <u>id.</u>

Phelps alleges that the Jones acted outside of the scope of her employment and erred in returning the petition because his habeas petition was a criminal matter and, therefore, not subject to the 2004 Supreme Court Order limiting his filings. He claims that Jones's failure to transmit the petition to Justice Ginsburg violated his rights under the First and Fifth Amendments to the United States Constitution. Phelps further alleges that Jones acted negligently, recklessly, and inflicted emotional distress upon Phelps.

Phelps also claims that the Clerk of the United States Supreme Court, William Suter Jr., failed to train and supervise Jones properly.

Finally, Phelps challenges the constitutionality of Rule 33 of the Rules of the United States Supreme Court ("Rule 33"). Rule 33 requires that certain documents filed with the Supreme Court be prepared in booklet format. <u>See</u> Sup. Ct. R. 33.1. The Rule also prescribes the format of documents that may be submitted on 8½- by 11-inch paper. Phelps argues that Rule 33 "discriminates against the poor who can pay filing fees but not the cost of commercial printing and such denies plaintiff access to the Court." Compl. at 7, ¶ 10.

Phelps names Jones and Suter as defendants. He seeks $5,000,000 in compensatory damages from each defendant, as well as

punitive damages. Phelps also asks that the court declare Rule 33 unconstitutional.

B. <u>Procedural History</u>

The defendants have filed a Motion to Dismiss (the "Motion"). In their supporting memorandum, the defendants argue that the action should be dismissed under the doctrine of collateral estoppel because Phelps has already unsuccessfully litigated his claim that the BOP does not have lawful custody of him. The defendants further argue that the Complaint does not meet the notice pleading standards of Fed. R. Civ. P. 8(a) because Phelps did not make any attempt "to allege specific facts demonstrating when or how the Defendants violated his rights or committed torts against him." Mem. at 6. The defendants also point out that, even though Attorney General Eric Holder is listed as a defendant on the docket of the case, he is not mentioned in the Complaint. Defendants assert that the <u>Bivens</u> claims are precluded by the doctrines of sovereign and qualified immunity, and that the doctrine of respondeat superior does not apply to <u>Bivens</u> claims. Phelps filed an Opposition to the Motion to Dismiss on October 29, 2010.

II. DISCUSSION

A. <u>Legal Standard</u>

The court considers defendant's argument that sovereign immunity precludes Phelps's <u>Bivens</u> claims against the defendants in

their official capacity as being brought under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. The court considers the other arguments in the Motion as being brought under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

In considering a motion to dismiss under Rule 12(b)(6), the court must "take all factual allegations as true and . . . draw all reasonable inferences in favor of the plaintiff." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 96 (1st Cir.2007); see also Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir.2009). Similarly, where a court decides a Rule 12(b)(1) motion on the pleadings, it must "construe the Complaint liberally and treat all well-pleaded facts as true, according the plaintiff the benefit of all reasonable inferences." Murphy v. United States, 45 F.3d 520, 522 (1st Cir.1995). However, a court is not "bound to accept as true a legal conclusion couched as a factual allegation." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

As Phelps is proceeding pro se, his pleadings must be liberally construed. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Instituto de Educacion Universal Corp. v. U.S. Dept. of Ed., 209 F.3d 18, 23 (1st Cir. 2000). However, even if pro se, Phelps is "obligated to comply with what the substantive law require[s]." Edwards v. New England Tel. and Tel. Co., 86 F.3d 1146, at *1 (1st

6

Cir. 1996) (table).

B. <u>Holder as a Defendant</u>

As a threshold matter, it appears that Holder was incorrectly identified as a defendant. Holder was not included as a defendant in the caption or body of the Complaint. In his Opposition to the Motion to Dismiss, Phelps states that he did not name Holder as a party. Accordingly, Holder is being dismissed as a defendant in this action.[4]

C. <u>Validity of the Supreme Court's 2004 Order</u>

Phelps states that he is challenging the 2004 Order of the Supreme Court limiting his ability to file petitions in noncriminal matters. This court lacks the authority to decide the validity of an Order entered by the Supreme Court. Phelps must ask the Supreme Court to reconsider and revise the 2004 Order.

D. <u>Jones's Compliance with the Supreme Court's Order</u>

Phelps's <u>Bivens</u> and FTCA claims are based on the premise that Jones was not acting pursuant to the Supreme Court's 2004 Order regarding noncriminal petitions when she returned Phelps's petition to him. More specifically, Phelps claims that his habeas petition was a criminal matter because it arose out of a criminal proceeding.

Phelps's characterization of his habeas petition is incorrect.

---

[4]It appears that a deputy clerk added Holder as a defendant after an executed summons for service on Holder was filed with the court.

A habeas petition is a civil proceeding, even when it arises out of criminal sanctions. See, e.g., Woodford v. Ngo, 548 U.S. 81, 91 n.2 (2006) (in case arising out of criminal sanctions, habeas corpus is a "civil remedy for the enforcement of the right to a personal liberty, rather than . . . a stage of the state criminal proceedings . . . or as an appeal therefrom" (quoting Fay v. Noia, 372 U.S. 391, 423-24 (1963)) (alteration in original)). In dismissing habeas petitions, the Supreme Court has issued orders limiting filings in "noncriminal" matters, indicating that a habeas petition is not considered to be a criminal matter for purposes of such an order. See, e.g., In re Griffin, 131 S. Ct. 551 (2010) (mem.) (dismissing petition for writ of habeas corpus and imposing filing limitations in regards to "further petitions in noncriminal matters"); In re Berryhill, 131 S. Ct. 490 (2010) (mem.) (same); In re Williams, 131 S. Ct. 190 (2010) (mem.) (same); In re Miller, 130 S. Ct. 2083 (2010) (mem.) (same). Moreover, the habeas petition that Jones returned to Phelps did not concern any aspect of the criminal prosecution against him or the proceedings that led to his commitment.[5] Rather, it concerned the same issue that prompted the Supreme Court's 2004 Order limiting Phelps's filings, a challenge

---

[5] See also Whitaker v. Superior Ct. of Cal., 514 U.S. 208, 210 (1995) (limitation on filing petitions in "noncriminal" matters did not "prevent petitioner from filing a petition for certiorari to challenge criminal sanctions that might be imposed upon him"). However, Phelps is challenging the execution of his commitment order rather than criminal sanctions.

8

concerning the facility in which he is civilly committed.

Jones's rejection of Phelps's petition for a writ of habeas corpus was, therefore, in accordance with the Supreme Court's 2004 Order, as it was a noncriminal proceeding and Jones properly followed the Court's instructions to reject the petition if Phelps did not pay the docketing fee.

Viewing the facts in the light most favorable to Phelps, he has failed to state either <u>Bivens</u> or tort claims against Jones and Suter. Phelps has alleged no facts indicating that either Jones or Suter violated his constitutional rights while acting in their official governmental capacities by returning his petition to him. <u>See</u> <u>Bivens</u>, 403 U.S. at 396. Additionally, Phelps's assertion that Jones was acting outside of the scope of her employment is conclusory and not supported by the specific factual allegations concerning her conduct. Indeed, it clearly appears that Jones was acting as a Deputy Clerk of the Supreme Court. Therefore, she, and Suter as her supervisor, may not be held liable in tort, because the relevant statute provides that an action against the United States under the FTCA is the exclusive remedy "for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office." 28 U.S.C. § 2679(b)(1).

The court notes other defects in Phelps's claims concerning

9

the rejection of his habeas petition. Phelps purports to bring a claim under the FTCA. Yet, he has not alleged that he filed an administrative claim, which is a jurisdictional prerequisite to bringing suit under the FTCA. See 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 113 (1993). Further, only the United States is the proper defendant in a claim under the FTCA, see U.S.C. §§ 1346(b), 2674, 2679; McCloskey v. Mueller, 446 F.3d 262, 266 (1st Cir. 2006). However, the United States is not named as a defendant in this action.

III. ORDER

Accordingly, the defendants' Motion to Dismiss (Docket No. 8) is hereby ALLOWED and this case is DISMISSED.

                                        /s/ Mark L. Wolf
                               UNITED STATES DISTRICT JUDGE